UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STEVEN DE'ANGELO JOHNSON,
         Petitioner,

v.                                                  Case No. 11-C-1137

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution, and
J.B. VAN HOLLEN, Attorney General for
the State of Wisconsin,
         Respondents.

## ORDER

On December 16, 2011, Steven De'Angelo Johnson filed this action pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of recklessly endangering safety and other crimes. He is currently incarcerated at Green Bay Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, respondent will be ordered to file a response to the petition.

Petitioner has also filed a motion to proceed in forma pauperis. However, because he has paid the $5.00 filing fee, this motion will be denied as moot.

Petitioner has also filed a motion for appointment of counsel. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). At this point, plaintiff has not shown that he has made a reasonable attempt to obtain counsel on his own or that he has been effectively precluded from doing so. Moreover, it appears from petitioner's filings that he is competent to litigate this case himself. Therefore, petitioner's motion for appointment of counsel will be denied.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief

within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of January 2012.

              s/_____
              LYNN ADELMAN
              District Judge