# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

STEVEN DE'ANGELO JOHNSON,

     Petitioner,

    v.

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution, and
J.B. VAN HOLLEN, Attorney General for
the State of Wisconsin,

     Respondents.

Case No. 11-CV-1137

## ORDER

The petitioner, Steven De'Angelo Johnson ("Johnson"), has filed an expedited non-dispositive motion requesting a district judge be assigned to the above case. (Docket # 26.) This case was assigned to this Court on the consent of the parties. (Docket # 13.) On December 19, 2011, Johnson signed a consent to proceed before a U.S. Magistrate Judge form, indicating his consent to proceed before a magistrate judge. (Docket # 4.)  The defendants consented on February 15, 2012. On the consent of both parties, this matter was assigned to this Court by United States District Judge Lynn Adelman. (Docket # 13.)

Upon the consent of the parties, a magistrate judge may conduct all proceedings in a civil matter and order the entry of judgment in the case. 28 U.S.C. § 636(c)(1). Upon entry of judgment by a magistrate judge, "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3); *see also* Fed.R.Civ.P. 73(c). Once consent is given, absent extraordinary circumstances, a party is not able to revoke his consent to proceed before

a magistrate judge. 28 U.S.C. § 636(c)(4); Fed.R.Civ.P. 73(b); *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 516 (7th Cir. 2003).

Johnson does not dispute that he signed the consent form; however, he argues he thought the consent form was a prerequisite to a proceeding in federal court. (Docket # 26 at 1-2.) Johnson states he has since received a "Prisoner Self-Help Litigation Manual" that explains the distinction between magistrate and district judges. (*Id.* at 2.) Johnson argues he did not know or understand that a magistrate judge was not an Article III judge and he thought he was consenting to have his case heard by an Article III judge. (*Id.*)

Johnson has not shown the required extraordinary circumstances to revoke his consent. The consent form signed by Johnson directs the parties to the reverse side of the form for further information. On the reverse side, the form explains that "the decision to consent or not to consent to the exercise of jurisdiction by a magistrate judge is entirely voluntary." As such, the form is clear that consenting is not a prerequisite to proceeding in federal court. Further, although a party has a right to have his case heard by an Article III judge, this right is waivable. *See Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1041 (7th Cir. 1984). Johnson waived this right by filing his consent to proceed before a magistrate judge. Given the consent of the parties, this case will continue to proceed before this Court.

To be clear, this Court will apply the same standards and laws to this case as would an Article III judge. And again, upon entry of judgment, an aggrieved party retains the right to appeal the judgment of this Court in the same manner as an appeal from an Article III judge.

Dated at Milwaukee, Wisconsin this 25th day of May, 2012.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge