# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN DE'ANGELO JOHNSON,

    Petitioner,

v.                                           Case No. 11-CV-1137

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution, and
J.B. VAN HOLLEN, Attorney General for
the State of Wisconsin,

    Respondents.

## ORDER

This habeas case is before me pursuant to 28 U.S.C. § 636(c)(1). On December 19, 2011, the petitioner, Steven De'Angelo Johnson ("Johnson"), signed a consent to proceed before a U.S. Magistrate Judge form, indicating his consent to proceed before a magistrate judge. (Docket # 4.) On February 15, 2012, the defendants also consented. Subsequently, this matter was assigned to this Court by United States District Judge Lynn Adelman. (Docket # 13.) On March 8, 2012, this Court entered a scheduling order for the processing of this case.

On March 28, 2012, defendants filed a motion to dismiss for failure to exhaust state remedies. Johnson timely responded. Nearly two months after this Court entered its scheduling order and a month after the pending of the motion to dismiss, on May 23, 2012, Johnson filed an expedited non-dispositive motion requesting a district judge be assigned to the above case. (Docket # 26.) On May 25, 2012, finding no extraordinary circumstances warranting revocation of the signed consent, I entered an order denying the motion.

Presently, before the Court is Johnson's "Timely Objection Made To District Judge Lynn Adelman Concerning Magistrates Order Pursuant F.R.C.V.P. 72(a)." Because this case is assigned to me pursuant to 28 U.S.C.§ 636(c)(1), objection to my order to the district judge is not authorized. When a civil case is before a magistrate judge pursuant to 28 U.S.C.§ 636(c)(1) an aggrieved party appeals directly to the court of appeals, not to the district judge. 28 U.S.C.§ 636(c)(3). I will therefore construe this objection as a motion to reconsider my order.

Upon the consent of the parties, a magistrate judge may conduct all proceedings in a civil matter and order the entry of judgment in the case. 28 U.S.C. § 636(c)(1). Because proceeding before an Article III judge is an important constitutional right, consent to proceed before a magistrate judge must be voluntary. *Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995). Accordingly, if a magistrate judge is designated to exercise civil jurisdiction in a matter, the parties must be advised that they "are free to withhold consent without adverse consequences." 28 U.S.C. § 636(c)(2). Once consent is given, absent extraordinary circumstances, a party is not able to revoke his consent to proceed before a magistrate judge. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b); *Hatcher v. Consolidated City of Indianapolis*, 323 F.3d 513, 516 (7th Cir. 2003).

Again, in this case, Johnson does not dispute that he signed the consent to proceed before a magistrate judge. His contention is that he thought the consent form was a prerequisite to a proceeding in federal court and he did not know that a magistrate judge was not an Article III judge. (Docket # 26 at 1-2.) With his "objection," Johnson adds that "Had I known that a United States Magistrate Judge was not a Article III Judge, I would not have consented." (Docket # 30.)

In the order denying Johnson's expedited motion to have the case moved to a district judge, I found that Johnson had not shown extraordinary circumstances warranting the revocation of his consent to proceed before a magistrate judge. Johnson's present "objection" does not sway that

finding. As required by 28 U.S.C.§ 636(c)(2), Johnson was advised that his consent was not mandatory. The consent form signed by Johnson directs the parties to the reverse side of the form for further information. On the reverse side, the form explains that "the decision to consent or not to consent to the exercise of jurisdiction by a magistrate judge is entirely voluntary." As such, the form is clear that consenting to a magistrate judge is not a prerequisite to proceeding in federal court.

Johnson has not shown that his signed consent was compelled, coerced or in any way involuntarily made. Accordingly, he has not shown extraordinary circumstances to vacate his consent. Additionally, briefing is nearly closed in this matter. The defendant filed a motion to dismiss and supporting brief. Johnson has responded. To allow Johnson to withdraw his consent would unreasonably delay the timely processing of this case. The case will therefore continue before this Court under the March 8, 2012 schedule previously ordered.

Dated at Milwaukee, Wisconsin this 12th day of June, 2012.

BY THE COURT

 s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge