# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

STEVEN DE'ANGELO JOHNSON,

    Petitioner,

    v.                                          Case No. 11-CV-1137

MICHAEL BAENEN, Warden,
Green Bay Correctional Institution, and
J.B. VAN HOLLEN, Attorney General for
the State of Wisconsin,

    Respondents.

## DECISION AND ORDER ON RESPONDENTS' MOTION TO DISMISS

On December 16, 2011, the petitioner, Steven De'Angelo Johnson ("Johnson"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) He is confined at the Green Bay Correctional Institution in the custody of the respondent, Michael Baenen (collectively with respondent J.B. Van Hollen, the "respondents"). Johnson is confined pursuant to Wisconsin state court judgments of conviction entered in two cases in the Milwaukee County Circuit Court, *State v. Johnson*, Case No. 01-CF-3623 and *State v. Johnson*, Case No. 07-CF-5497. (Resp. Br. in Supp. Mot. to Dismiss at 2-3, Docket # 20.) In Case No. 01-CF-3623, Johnson was convicted of four counts of second-degree recklessly endangering safety by use of a dangerous weapon and was sentenced to three years initial confinement and five years of extended supervision on August 23, 2002. (*Id.*) On January 24, 2006, Johnson was released on extended supervision. This extended supervision was subsequently revoked on August 21, 2008 and Johnson was ordered reconfined for a period of four years, one month, and one day. (*Id.* at 3.)

In Case No. 07-CF-5497, Johnson was convicted after a jury trial in April of 2008 of one count of first-degree recklessly endangering safety by use of a dangerous weapon, one count of possession of a firearm by a felon, and one count of endangering safety by reckless use of a firearm. (*Id.*) On May 29, 2008, Johnson was sentenced on these three counts to 22 ½ years of initial confinement and 15 years of extended supervision. (*Id.* at 3; Exh. A, Docket # 20-1; Docket # 1 at 6.) This sentence was ordered to be served consecutive to any previously imposed sentence. (Docket # 20 at 3.)

In his habeas petition, Johnson raises nine grounds challenging his conviction in Case No. 07-CF-5497: (1) Johnson was denied meaningful court access in violation of his due process rights; (2) Johnson was denied his right to self-representation at trial and appointed counsel was not authorized to stipulate as to Johnson's identity in a photograph; (3) there was insufficient evidence to convict on the count of felon in possession of a firearm because there was "no evidence" of the "firearm element"; (4) there was insufficient evidence to convict on the count of felon in possession of a firearm because there was "no evidence" of the "identification element"; (5) Johnson was subject to double jeopardy when tried for felon in possession of a firearm in Case No. 07-CF-5497 when the felony charge was previously dismissed in Case No. 01-CF-3623; (6) Johnson was denied his right to self-representation at the preliminary hearing; (7) Johnson did not knowingly and voluntarily enter into a stipulation as to his prior felony conviction; (8) the State produced perjured testimony and withheld exculpatory evidence at trial; and (9) evidence seized following Johnson's warrantless arrest should have been suppressed. (Docket # 1 at 10-52.)

The court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By Order dated January 18, 2012, the court determined that it

did not plainly appear that Johnson is not entitled to relief in the district court and ordered the respondents to file a response to the petition. (Docket # 7.)

On March 28, 2012, the respondents filed a motion to dismiss the petition for failure to exhaust state remedies. (Docket # 19.)

The parties have briefed the motion to dismiss and the motion is ready for disposition. For the reasons stated below, the respondents' motion to dismiss will be denied and the respondents will be ordered to answer the habeas petition.

**FACTUAL BACKGROUND**

Johnson was sentenced on March 29, 2008 to 22 ½ years of initial confinement and 15 years extended supervision in Milwaukee County Case No. 07-CF-5497. (Docket # 1 at 6.) Johnson failed to timely file a motion for postconviction relief or notice of appeal. (Exh. D at 1, Docket # 20-4.) When Johnson filed an untimely motion, the circuit court construed it as a motion under Wis. Stat. § 974.06 and denied it on the merits. (*Id.*) Johnson filed a notice of appeal from that order in September 2009. (*Id.* at 1-2.) While that appeal was pending, Johnson filed a motion on April 21, 2011 to reinstate his rights to pursue a direct appeal. (Docket # 20 at 4, Exs. B and C, Docket # 20-2 and 20-3.) The Wisconsin Court of Appeals denied this motion on May 12, 2011 and noted the appeal of the denial of his Wis. Stat. § 974.06 would continue. (Docket # 20-4 at 2.)

On December 16, 2011, Johnson filed a petition for writ of habeas corpus in the above case, challenging his conviction in Milwaukee County Case No. 07-CF-5497. (Docket # 1 at 6.) Respondents filed a motion to dismiss on March 28, 2012, arguing that Johnson had not yet exhausted his available state court remedies. (Docket # 20 at 1-2.) Specifically, the respondents state that the court of appeals' decision on the Wis. Stat. § 974.06 motion remains pending and awaiting decision. (*Id.* at 5.)

- 3 -

On May 16, 2012, Johnson filed his response to the respondents' motion to dismiss. (Docket # 23, 24, and 25.) With his response, Johnson attached a copy of the court of appeals' decision, dated April 19, 2012, affirming the circuit court's denial of his Wis. Stat. § 974.06 motion. (Attachment B, Docket # 25-2.) The respondents did not file a reply to Johnson's response.

## ANALYSIS

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has (a) exhausted state remedies, or (b) either there is no available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). A claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). With some exceptions, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

If state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state court review or for taking an appeal, those remedies are technically exhausted; however, exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). A habeas petitioner

who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or he can establish that the denial of relief will result in a miscarriage of justice. *Id.*

At the time the respondents filed their motion to dismiss, they were correct that Johnson had failed to exhaust his state court remedies as the decision of the court of appeals was still pending. However, during the course of the briefing of the respondents' motion to dismiss, the court of appeals rendered its decision on the appeal of Johnson's Wis. Stat. § 974.06 motion. A review of the Wisconsin Supreme Court and Court of Appeals Access Database indicates Johnson did not file a petition for review with the Wisconsin Supreme Court, which he was required to do within 30 days of the decision of the court of appeals. Wisconsin Supreme Court and Court of Appeals Access Database, Appeal No. 2009AP2444, at http://wscca.wicourts.gov (last visited July 6, 2012); Wis. Stat. § 808.10(1).

By failing to timely file a petition for review, Johnson has defaulted his federal claims in state court; thus, he meets the technical requirements for exhaustion as there are no state remedies available to him. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). However, a federal habeas court will only review a defaulted claim if the petitioner demonstrates either (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider the claims would result in a fundamental miscarriage of justice. *Id.* at 750.

Although a procedural default generally forecloses habeas relief, Johnson may be entitled

to habeas relief if he meets one of the two exceptions articulated above. Thus, Johnson must be given an opportunity to make those showings before dismissal for procedural default.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that respondents' motion to dismiss for failure to exhaust (Docket # 19) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the respondents are directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60) days** of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondents file a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondents' answer within which to file his brief in support of his petition;

2. The respondents shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondents' opposition brief within which to file a reply brief, if any.

In the event that respondents file a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

4. The petitioner shall have forty-five (45) days following the filing of the respondents' dispositive motion and supporting initial brief within which to file a brief in opposition;

5. The respondent shall have thirty (30) days following the filing of the petitioners' opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 10th day of July, 2012.

BY THE COURT

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge