# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEVEN DE'ANGELO JOHNSON,**

    **Petitioner,**

    v.                                                              **Case No. 11-CV-1137**

**MICHAEL BAENEN, Warden,**
**Green Bay Correctional Institution, and**
**J.B. VAN HOLLEN, Attorney General for**
**the State of Wisconsin,**

    **Respondents.**

## ORDER DENYING MOTIONS FOR PROTECTIVE ORDER, TEMPORARY RESTRAINING ORDER, SANCTIONS, AND ATTORNEY'S FEES

This is a habeas action pursuant to 28 U.S.C. § 2254. Steven De'Angelo Johnson ("Johnson") has filed a motion for a protective order and/or a temporary restraining order against the Green Bay Correctional Institution ("GBCI"), as well as a motion for sanctions and/or attorney's fees against the warden of the GBCI. (Docket # 17.) Johnson argues the GBCI is obstructing the litigation of his habeas case by denying him access to copy and fax his motion, and refusing to approve disbursements from his account. (Docket # 17 at 2-6.) Johnson further argues the GBCI is retaliating against him for bringing the instant habeas petition by subjecting him to improper disciplinary proceedings and illegally keeping him in disciplinary segregation. (Docket # 17 at 4, Docket # 17-8.) Although Johnson has filed this motion in the context of his habeas action, it appears the claims he is making are more properly brought pursuant to 42 U.S.C. § 1983.

The Seventh Circuit explained that: "For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution

in the prison or deliberate indifference to serious medical needs) fall under § 1983. Attacks on the fact or duration of the confinement come under § 2254." *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003) (internal citations omitted). In other words, habeas corpus is the proper vehicle to use when a prisoner is attempting to "get out of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999).

Johnson's claims that the GBCI is obstructing his motion and monetary disbursements do not challenge either the fact or the duration of his confinement. Thus, these claims are not cognizable under 28 U.S.C. § 2254. Further, Johnson's claim regarding the institution's allegedly improper disciplinary proceeding that led to him being placed in disciplinary segregation is not a claim for relief under § 2254. The Seventh Circuit has held that "[d]isciplinary segregation affects the severity rather than duration of custody. More-restrictive custody must be challenged under § 1983, in the uncommon circumstances when it can be challenged at all." *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).

As such, Johnson's claims for relief in his motion for a protective order and/or a temporary restraining order against the GBCI and motion for sanctions and/or attorney's fees against the warden of the GBCI are not appropriately brought under 28 U.S.C. § 2254 and must be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Protective Order and/or TRO Against GBCI and Motion for Sanctions and/or Attorney's Fees against GBCI Warden (Docket # 17) is **DENIED**.

- 2 -

Case 2:11-cv-01137-NJ   Filed 03/18/13   Page 2 of 3   Document 54

Dated at Milwaukee, Wisconsin this 18th day of March, 2013.

                                        BY THE COURT

                                        s/ *Nancy Joseph*
                                        NANCY JOSEPH
                                        United States Magistrate Judge